IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YALITZA ROSARIO MENENDEZ<br><br>PLAINTIFF<br><br>VS.<br><br>ADMINISTRACION DE COMPENSACIONES POR ACCIDENTES DE AUTOMOVILES; JOHN DOES; JANE DOES,<br><br>DEFENDANTS | CIVIL ACTION: 14-1670 JAG<br><br>VERIFIED COMPLAINT<br><br>JURY CLAIM AS TO ALL COUNTS |



## INTRODUCTION

**YALITZA ROSARIO MENENDEZ ("Plaintiff")** of the COMMONWEALTH OF PUERTO RICO ("Puerto Rico"), **PRO SE**, hereby asserts the following claims against the defendants in the above- entitled action.

## JURISDICTION

1. Jurisdiction of this court arises under 42 U.S.C. Sec. 1983

2. Jurisdiction of this court arises under the American with Disabilities Act, 42 U.S.C. Sec.12101, et seq, ("ADA"), as amended.

3. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. Sec. 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. Sec. 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c. 28 U.S.C. Sec. 1367, which gives the district court supplemental jurisdiction over state law claim.

4. Venue is appropriate in this judicial district under 28 U.S.C. Sec. 1391 (b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

5. **YALITZA ROSARIO MENENDEZ ("Plaintiff")** is a natural person residing at Caguas, Puerto Rico, United States of America; was a resident of Puerto Rico during all relevant times of this action.

6. **ADMINISTRACION DE COMPENSACIONES POR ACCIDENTES DE AUTOMOVILES (ACAA) ("Defendant"), a Commonwealth of Puerto Rico agency, but arranged as a public corporation ( Commonwealth's Law # 138, June 26th, 1968)** thus a public entity for the purposes of the ADA pursuant to 42 U.S.C.. Sec. 12131(1), located in San Juan, Puerto Rico, which is in this judicial district. It is responsible for the policies, procedures, and practices implemented pursuant to it's charter; agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of defendants John Does and Jane Does, at all times relevant to this Complaint and at this point unbeknown to plaintiff.

7. **JOHN DOES, JANE DOES** and others not presently known to plaintiff were, at all times material to this Complaint, duly appointed Defendant's officials.

## FACTS

8. In 2006, Plaintiff was hired by the Defendant to the post of Injured Service Coordinator, at Commonwealth of Puerto Rico Medical Center.

9. In March, 2010, Plaintiff was fired by Defendant.

10. On or about July 2011, the parties reached an agreement, reinstating Plaintiff to her original post, with all the duties and responsibilities pertaining said post.

11. As of today there has been an egregious breach of the aforementioned agreement.

12. On or about 2013, acting under the color of state and federal law, Defendants have denied Plaintiff's numerous requests to comply with said agreement, which among other provisions provided for reasonable accommodation, within the frame of ADA statute.

13. Plaintiff suffers from a debilitating form of epilepsy, which entitles her to reasonable accommodation under the protective umbrella of the ADA statute.

14. As of today Plaintiff has been marginalized and the duties of her post striped by Defendants.

15. Defendants' discriminatory, intentional, prosecutorial and malicious acts, have exacerbated the aforementioned Plaintiff's health condition, also affecting her capabilities to undertake everyday tasks such as but not limited to: sleeping, driving a car, interpersonal relationships; notwithstanding the foregoing, Plaintiff can still perform the duties of her post, given that Defendants comply with Plaintiff's requests of reasonable accommodation, which is her right under the ADA statute.

**COUNT ONE: VIOLATION OF 42 U.S.C. 1983**

16. Plaintiff repeats and realleges and incorporates by reference the paragraphs 1 through 13 above with the same force and effect as if herein set forth.

17. Defendants have deprived Plaintiff her federal constitutional and/or statutory righst by failing and refusing to provide Plaintiff with reasonable accommodation

18. Defendants have acted under color of state law when Defendants deprived Plaintiff of her federal rights, property interests and otherwise discriminated against her based upon Plaintiff's disability and Plaintiff's wherewithal to demand that Defendants comply with Federal and/or State law.

19. As a direct and proximate result Defendants' violation of 42 U.S.C. Sec. 1983, Plaintiff has sustained injuries and damages. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law.

WHEREFORE, Plaintiff demands judgment for their unlawful acts against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $ 500,000.00 and further demands judgment against each said Defendants, jointly and severally, for punitive damages in the amount of $ 500,000.00, plus costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT TWO: VIOLATIONS OF AMERICAN WITH DISABILITIES ACT, 42 U.S.C. Sec.12101, et seq, ("ADA"), as amended.

20. Plaintiff repeats and realleges and incorporates by reference the paragraphs 1 through 19 above with the same force and effect as if herein set forth.

21. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. Sec 12131.

22. Plaintiff has been denied the right to a reasonable accommodation under the aforementioned statute.

23. As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained injuries and damages. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law.

WHEREFORE, Plaintiff demands judgment for discrimination against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $ 500,000.00 and further demands judgment against each said Defendants, jointly and severally, for punitive damages in the amount of $500,000.00, plus costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT THREE: DISCRIMINATION BASED ON DISABILITY (COMMONWEALTH OF PUER RICO LAW # 44, JULY 2ND 1985, AS AMENDED)

24. Plaintiff repeats and realleges and incorporates by reference the paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. Plaintiff's health ailment constitutes a disability by and within the meaning of the aforementioned State law .

26. Defendants violated said statute by discriminating against Plaintiff upon her request that she be afforded a reasonable accommodation within the scope of her post.

27. Plaintiff's disability was a determining factor in Defendants' decision to deny and preclude Plaintiff to attain a reasonable accommodation.

28. As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE, Plaintiff demands judgment for the foregoing unlawful actions against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $ 500,000.00 and further demands judgment against each said Defendants, jointly and severally, for punitive damages in the amount of $ 500,000.00, plus costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**WHEREFORE**, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount no less than $3,000,000.00, plus costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Further, Plaintiff demands judgment ordering Defendants to reinstate all original duties and responsibilities pertaining to Plaintiff's post, and granting Plaintiff a reasonable accommodation.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this the 4th day of September, 2014.

_____
**YALITZA ROSARIO MENENDEZ, PRO SE**

**Calle Arbolada #33**
**La Serranía**
**Caguas, PR, 00725**

TEL. (787) 633-0185
E-mail: yalitzarosario@yahoo.com